IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMANDA S.,

    Plaintiff,

v.                                                                                    Civ. No. 25-582 JCH/GBW

FRANK BISIGNANO,
*Commissioner of the Social
Security Administration,*

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on a review of the record and the

Honorable Judith Herrera's Order of Reference, *doc. 11*, referring this case to the

undersigned for analysis, findings of fact, evidentiary hearings, and recommendations

for its ultimate disposition.  Having reviewed the record, the undersigned

RECOMMENDS that the Court DISMISS Plaintiff's Complaint (*doc. 1*) against the Social

Security Administration WITHOUT PREJUDICE.

### I.      BACKGROUND

Plaintiff filed her *pro se* Complaint against "United States Disability" on June 20,

2025.  *Doc. 1*.  On September 22, 2025, Plaintiff clarified that she was "seeking review of

a decision previously made by the Commissioner of Social Security" and that she

intended to name the Social Security Administration as the defendant.  *Doc. 10* at 1.  The

Court substituted the proper defendant and issued a briefing schedule.  *Docs. 14, 15*.

Per the briefing schedule, the deadline for Plaintiff to file her Motion to Reverse or Remand to the Administrative Agency was January 26, 2026.[1]  *See docs. 15, 19, 20.*  On February 24, 2026, the undersigned issued an Order to Show Cause requiring Plaintiff to explain in writing why the Court should not dismiss the case for failure to prosecute. *Doc. 20.*  As of March 20, 2026, Plaintiff has not responded to the Order to Show Cause nor has she filed her Motion to Reverse or Remand to the Administrative Agency.

## II.    LEGAL STANDARDS

The Court may dismiss an action, *sua sponte*, if "the plaintiff fails to prosecute or comply with…a court order."  Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding that despite Rule 41(b)'s reference to a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders").  A dismissal for failure to comply with a court order under Rule 41(b) "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  Although *pro se* litigants' pleadings are held "'to less stringent standards than formal pleadings drafted by lawyers[,]' [t]he pro se litigant 'nevertheless must follow the same rules of procedure that govern other litigants.'"  *Jaramillo v. Frewing*, 347 F. Supp. 3d 827, 839 (D.N.M. 2018) (citations omitted).

---

[1] Plaintiff's Motion was due thirty days after the Administrative record was served.  *Doc. 15*.  That date was January 25, 2026, a Sunday.  As such, Plaintiff's Motion was due the next day, January 26, 2026.  *See* Fed. R. Civ. P. 6(a)(1)(C).

While a court should impose "dismissal for failure to prosecute…only after careful exercise of judicial discretion," "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).  In determining whether dismissal is a just sanction, courts consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be the likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotations and citations omitted).  "The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 921).

### III.   ANALYSIS

Plaintiff has failed to prosecute her case.  Per the briefing schedule, Plaintiff was required to file her Motion to Reverse or Remand to the Administrative Agency by January 26, 2026. *See docs. 15, 19, 20*.  To date, no such motion or motion for extension of time has been filed.  Although Plaintiff's failure to file her Motion to Reverse or Remand to the Administrative Agency has not caused a high degree of prejudice to the Defendant, her lack of participation has substantially interfered with the judicial process.  The case cannot move forward without Plaintiff first identifying the issues on

appeal and her arguments in favor of remand.  Plaintiff is culpable for her failure to prosecute.  Additionally, Plaintiff was warned in the undersigned's Order to Show Cause that sanctions, up to and including dismissal, could be imposed.  *See doc. 20* at 2. Despite this warning, Plaintiff did not respond, nor did she file a Motion to Reverse or Remand to the Administrative Agency, indicating that lesser sanctions would not be effective.

## IV.    CONCLUSION

Because the *Ehrenhaus* factors weigh in favor of dismissal, the undersigned recommends that Plaintiff's Complaint (*doc.* 1) be DISMISSED WITHOUT PREJUDICE. However, if Plaintiff files a Motion to Reverse or Remand to the Administrative Agency within 14 days of entry of this Proposed Findings and Recommended Disposition, the undersigned will withdraw this recommendation.

_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**